NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

HASANAIN Z. HADDAD, *Appellant.*

No. 1 CA-CR 25-0301

FILED 07-06-2026

Appeal from the Superior Court in Maricopa County
No. CR2022-124571-001
The Honorable Joseph Shayne Kiefer, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joshua C. Smith
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Abigail Smith
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Judge Angela K. Paton and Judge Michael J. Brown joined.

**B A I L E Y**, Judge:

**¶1**   Hasanain Haddad appeals his convictions and sentences for eight counts of sexual conduct with a minor and one count of child molestation. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

**¶2**   We view the facts in the light most favorable to sustaining the verdict. *State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013).

**¶3**   Haddad is M.H.'s father. In March 2022, then-nine-year-old M.H. disclosed to his sister and his mother that Haddad had "done stuff to me." Two months later, his mother contacted the police, and soon after M.H was forensically interviewed regarding his disclosure. In the recorded interview, M.H. alleged that Haddad repeatedly sexually abused him. M.H. later recanted his accusations during a second interview.

**¶4**   Haddad was charged with eight counts of sexual conduct with a minor, one count of molestation of a child, and one count of furnishing obscene items to a minor. During a jury trial, M.H. repeated his recantation and testified that "imaginary friends" had told him to fabricate the accusations. The State played the recording of M.H.'s first forensic interview for the jury. The State also presented a cold expert who testified about factors that affect children disclosing sexual abuse, delaying disclosure, and recanting. And a detective read previously-admitted transcripts of recorded conversations between Haddad and his wife, M.H.'s mother, into the record.

**¶5**   The jury acquitted Haddad on the furnishing count and found him guilty as charged on the other nine counts. He was sentenced to 17 years in prison for the molestation count, 20 years for one of the sexual conduct counts, and life in prison for the other seven sexual conduct counts, to be served consecutively.

**¶6**        Haddad timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes sections 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

## DISCUSSION

**¶7**        Haddad argues that the prosecutor misstated the law during his closing argument rebuttal, and that the misstatements violated his right to a fair trial. Haddad failed to object to the alleged prosecutorial error at trial, so we review for fundamental error. *See State v. Murray*, 250 Ariz. 543, 549, ¶ 16 (2021). To prevail under fundamental error review, Haddad must demonstrate that error occurred, the error was fundamental, and, if the fundamental error was not "so egregious that he could not possibly have received a fair trial," that the error resulted in prejudice. *State v. Escalante*, 245 Ariz. 135, 142, ¶ 21 (2018).

**¶8**        To succeed on a claim of prosecutorial error, a defendant must demonstrate "that the prosecutor's [error] so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Murray*, 250 Ariz. at 548, ¶ 13 (quoting *State v. Morris*, 215 Ariz. 324, 335, ¶ 46 (2007)). A defendant does so by showing that "(1) [error] exists and (2) 'a reasonable likelihood exists that the [error] could have affected the jury's verdict, thereby denying [the] defendant a fair trial.'" *Id.* (internal citations omitted). In reviewing a prosecutor's statements, we "look[ ] at the context in which the statements were made as well as 'the entire record and to the totality of the circumstances.'" *State v. Goudeau*, 239 Ariz. 421, 466, ¶ 196 (2016) (citation omitted).

**¶9**        Haddad points to several statements made during the State's rebuttal closing argument that he contends amounted to prosecutorial error. We address each of them, keeping in mind that prosecutors are given "wide latitude" in presenting closing argument to the jury so long as they do not misstate the law. *Murray*, 250 Ariz. at 549, ¶ 18 (citation omitted).

**¶10**        First, the prosecutor asserted that Haddad's argument about how M.H. could have learned the language to describe the alleged sexual conduct was merely an invitation "to speculate." The prosecutor noted that "[d]efense wants you to speculate as to how [M.H.] got that information. Speculate that his mother implanted those things in his head." On the same topic, he added, "[a]gain, [d]efense wants you to speculate that somehow [M.H.] had these ideas implanted in his head." As to Haddad's argument that M.H. could have been influenced by other sources, the prosecutor countered that defense counsel "asked you to speculate about gaming, the

Internet, things like that, but none of that came out of [M.H.'s] testimony. It's more speculation . . . Don't speculate. Rely on the evidence that you actually saw in this courtroom." (Cleaned up.) Later, the prosecutor told the jury, "[e]verything [d]efense counsel has told you, she wants you to speculate. You are not allowed to speculate." The prosecutor then reminded the jury that their "responsibility as a juror is not to find a reason to find the Defendant not guilty. Your responsibility is to weigh the evidence and determine whether or not the State has met its burden of proof."

¶11        The prosecutor also argued, in reference to Haddad's corporal punishment of M.H., that "[d]efense counsel wants you to speculate that this was the reason why" M.H. accused Haddad of abusing him. Finally, the prosecutor told the jury, "[a]gain, in closing, you are not allowed to speculate. You must make a decision based upon the evidence that was presented to you on the witness stand and on the screen."

¶12        Haddad contends that the prosecutor's arguments were tantamount to telling the jury that it could not question the State's evidence and thus deprived him of his right to a fair trial. We disagree. A prosecutor may offer a "fair rebuttal to an area opened by the defense," *State v. Gillies*, 135 Ariz. 500, 510 (1983), and argue the State's case has not been contradicted, *State v. Byrd*, 109 Ariz. 10, 11 (1972). Haddad's contention that M.H. could have learned about sexual acts from other sources, such as his mother, a friend, or adults online, opened the door to the prosecutor's rebuttal arguments. Once raised, the prosecutor could fairly rebut Haddad's argument by reminding the jury that it heard no evidence that M.H. learned anything from an outside source, and that the jury had to rely on evidence presented at trial in reaching its verdict. *See United States v. Sayetsitty*, 107 F.3d 1405, 1409 (9th Cir. 1997) ("Criticism of defense theories and tactics is a proper subject of closing argument."). In context, the State's warnings to avoid speculation were merely a reminder to the jury that it could not base its decision on evidence that was not in the record. The prosecutor's comments were not error.

¶13        Beyond that, the prosecutor reiterated the court's instructions that the State bears the burden of proof and the jury may not speculate about evidence not presented at trial. *See State v. Jerdee*, 154 Ariz. 414, 419 (App. 1987). We presume the jurors followed the court's instructions, *State v. Tucker*, 215 Ariz. 298, 319, ¶ 89 (2007), and improper argument can be cured by proper jury instructions, *Jerdee*, 154 Ariz. at 418. Thus, even if the prosecutor's comments were error, no prejudice resulted because the error

was cured by both the court's instruction and the prosecutor's reiteration of the correct burden of proof.

¶14 Haddad relies on *State v. Murray* to argue that the prosecutor's comments amounted to fundamental error, but this comparison is unpersuasive. In *Murray*, the prosecutor misstated the law by telling the jury that the reasonable doubt standard was satisfied if it thought the defendants "might be guilty." *Murray*, 250 Ariz. at 549, ¶ 19. This error was fundamental because it lowered the prosecution's burden to prove the elements of the charged crimes beyond a reasonable doubt and therefore went to the foundation of the case. *Id.* at 550, ¶¶ 22-23. Here, in contrast, the prosecutor instructed the jury that their job was to "determine whether or not the State has met its burden of proof" and reminded them that if "you find that there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty." The prosecutor did not misstate the law but instead affirmatively provided the correct standard of proof to the jury. *Murray* is inapposite.

¶15 Second, the prosecutor urged the jury to discount M.H.'s recantation because in his first forensic interview M.H. gave "very vivid descriptive explanations of disclosures" in "describing the things that the Defendant did to him." The prosecutor then commented "[h]ow would a nine-year-old know these things if they didn't actually happen to him?" Haddad argues that "[by] telling the jury they were not permitted to question the authenticity of the evidence presented, the State misstated the law." But the prosecutor's comments were proper because they recounted evidence for the jury and then asked the jury to draw a reasonable inference from that evidence. *See State v. Bible*, 175 Ariz. 549, 602 (1993) ("[D]uring closing arguments counsel may summarize the evidence [and] . . . urge the jury to draw reasonable inferences from the evidence . . . .").

¶16 Third, Haddad challenges the prosecutor's response to his argument that the jury should consider the discrepancies between the recording transcripts initially requested by the State and those admitted at trial. The prosecutor cited this argument as "[m]ore speculation, the recordings were tampered with. They were spiced [sic]. Did we hear any evidence of that? No." Haddad raises this issue in his opening brief but provides no specific argument as to why the statement was improper or how it prejudiced him. We therefore deem his challenge to the statement waived. *See State v. Carver*, 160 Ariz. 167, 175 (1989) ("In Arizona, opening briefs must present significant arguments, supported by authority, setting forth an appellant's position on the issues raised. Failure to argue a claim usually constitutes abandonment and waiver of that claim.").

¶17 Because we conclude that the prosecutor's challenged statements did not deny Haddad a fair trial, he has not met his burden of showing that these statements, viewed in the context of the trial, were prosecutorial error. *See Murray*, 250 Ariz. at 548, ¶ 13; *Goudeau*, 239 Ariz. at 466, ¶ 196. But even assuming the comments were error, given the curative jury instructions, the State's statements reiterating the correct burden of proof, and the State's repeated reference to the jury instructions, Haddad has failed to demonstrate that the error could have affected the verdict and denied him the right to a fair trial. *See Murray*, 250 Ariz. at 548, ¶ 13.

## CONCLUSION

¶18 Because Haddad has not established prosecutorial error, we affirm his convictions and sentences.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:            JR